IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER WALTERS, *as next friend* *for* G.W., *a minor*, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 19-1010 (MN) |
| FLAVIUS ABIOLA AKERELE, M.D., individually and as agent for Christiana Care Health Services, Inc.; CHRISTIANA CARE HEALTH SYSTEM, INC.; and CHRISTIANA HOSPITAL, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

M. Jean Boyle, Esquire, Joseph J. Longobardi, III, Esquire, LONGOBARDI & BOYLE, LLC, Wilmington, Delaware. *Counsel for Plaintiff.*

David C. Weiss, United States Attorney, Laura D. Hatcher, Assistant United States Attorney, *Department of Justice*, Wilmington, Delaware. *Counsel for the United States of America.*

March 23, 2020
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

In 2013, G.W. was born at Christiana Care Hospital while Flavius Abiola Akerele, M.D. ("Dr. Akerele") was the attending obstetrician. (D.I. 1-1 ¶¶ 10-11). During delivery, G.W. suffered a severe shoulder dystocia resulting in an ERB's (Brachial Plexus) palsy. (*Id.* ¶ 22). On behalf of G.W., Plaintiff Christopher Walters ("Plaintiff") filed suit in the Superior Court of the State of Delaware asserting claims of negligence and vicarious liability against Dr. Akerele, Christiana Care Health System, Inc., and Christiana Care Hospital (collectively, "Defendants").

At all relevant times, Dr. Akerele was an employee of Southbridge Medical Advisory Council, Inc., d/b/a Henrietta Johnson Medical Center. (D.I. 3 ¶ 2). Pursuant to 42 U.S.C. § 233, the U.S. Attorney deemed Dr. Akerele an employee of the Public Health Service and moved unopposed to substitute the United States for Dr. Akerele as a defendant in this action. (D.I. 3). Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 1441, the United States removed this action from the Delaware Superior Court to this Court. Finally, the United States has moved to dismiss the claims asserted against it pursuant to Fed. R. Civ. P. 12(b)(1). (D.I. 4).

Because the motion to substitute is unopposed, it is granted. In addition, for the reasons stated below, the motion to dismiss is granted, and the claims against the United States are dismissed with prejudice

**I.     STANDARD OF REVIEW**

"Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *Id*. In reviewing a facial attack, the court considers only the allegations in the complaint and any documents referenced in or attached to the complaint, in the light most favorable to the

1

plaintiff. *Church of Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). In contrast, when reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Finally, in a factual challenge, "no presumptive truthfulness attaches to plaintiffs' allegations." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## II. DISCUSSION

Because Dr. Akerele is an employee of the United States, this case is governed by the Federal Tort Claims Act ("FTCA"), which provides the exclusive remedy for damages for personal injury resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 2679(b)(1). To bring a claim under the FTCA, a claimant must first exhaust his administrative remedies by presenting the claim to the appropriate federal agency and receiving a final denial. 28 U.S.C. § 2675(a). "This requirement is jurisdictional and cannot be waived." *FTCA. Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *see also Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989). Plaintiff does not dispute that he never presented a claim to a federal agency. Instead, Plaintiff argues that Dr. Akerele was acting as an agent of Christiana Care Hospital, and not within the scope of his employment for the United States. (D.I. 6). Plaintiffs argument is flawed, however, as to both the law and the facts.

First, as to the law, Plaintiff cites *CNA v. United States*, 535 F.3d 132 (3d Cir. 2008) in support of his proposition that actions taken outside the scope of employment with the United States means the complaint should not be dismissed. In *CNA*, however, the Third Circuit *affirmed* dismissal, because defendant's actions, which were taken outside the scope of employment, meant the district court lacked subject matter jurisdiction. *Id*. at 139-40. In other words, if Dr. Akerele

was acting outside the scope of his United States employment, then *CNA* requires the court to dismiss the action for lack of subject matter jurisdiction, just as the United States has requested. Plaintiff cites no case where a motion to dismiss a claim under the FTCA is denied because the defendant was found to be acting outside the scope of his employment with the United States.

Second, as to the facts, the U.S. Attorney issued a certification under 42 U.S.C. § 233(c), which requires a finding by the U.S. Attorney that Dr. Akerele "was acting in the scope of his employment at the time of the incident out of which the suit arose." Plaintiff did not oppose the motion to substitute, and the United States' motion was granted. Relevant here, "[t]he scope certification is *prima facie* evidence that the employee's challenged conduct occurred within the scope of employment." *Schrob v. Catterson*, 967 F.2d 929, 936 (3d. Cir. 1992). "Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it." *Id*. Plaintiff did not come forward with specific facts rebutting the certification or request any discovery so that he may present those specific facts. Accordingly, the *prima facie* evidence that Dr. Akerele was acting within the scope of his employment stands unchallenged.

Because Plaintiff failed to exhaust his administrative remedies before filing a complaint, the complaint is dismissed as to the United States for lack of subject matter jurisdiction. In addition, dismissal is with prejudice. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claims accrues . . . ." 28 U.S.C. § 2401(b). According to the complaint, Plaintiff was injured at birth in or around 2013. (D.I. 1-1 ¶¶ 10-13). More than two years have passed since Plaintiff's injury. Accordingly, Plaintiff's claims against the United States are forever barred.

## III. CONCLUSION

For the foregoing reasons, the United States' motion to substitute (D.I. 3) is granted. In addition, the United States' motion to dismiss (D.I. 4) is granted, and Plaintiff's claims asserted against the United States (D.I. 1-1) are dismissed with prejudice.

The Court has subject matter jurisdiction over the claims asserted against the United States pursuant to 28 U.S.C. § 1346, which gives district courts original jurisdiction over any civil action against the United States. Because the United States has been dismissed from the case, it appears that the Court no longer has subject matter jurisdiction over this action. Though not addressed in the parties' papers, it thus appears that this action should be remanded to the Delaware Superior Court pursuant to 28 U.S.C. § 1447(c). On or before March 30, 2020, the parties shall file a joint status report regarding remand.